ELLEN J. ROSS, Known Professionally as JANE FROMAN, et al., Appellants, v. PAN AMERICAN AIRWAYS, INC., Respondent.— Order unanimously affirmed, with $20 costs and disbursements to respondent. No opinion. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.

JULIETTE HAMPELE, Respondent, v. CHRIS G. FEUCHT, as Executor of OTTO MEYER, Deceased, Appellant.— Order unanimously modified by striking from item " 8 " all matter after the word " pay " and, as so modified, affirmed, without costs to either party. No opinion. Settle order on notice. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.

MARINA TRADING COMPANY, INC., et al., Appellants, v. FRANCIS X. NESTOR et al., Individually and as Copartners under the Name of GORMAN & NESTOR, Respondents.— Order unanimously modified so as to strike item " 8 " and, as so modified, affirmed, without costs. No opinion. Settle order on notice. Present —Peck, P. J., Dore, Cohn and Callahan, JJ.

COOPERATIVE FOR AMERICAN REMITTANCES TO EUROPE, INC., Appellant, v. McCADAM CHEESE CO., INC., Respondent.— Order unanimously affirmed, with $20 costs and disbursements to respondent. No opinion. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.

ROSE FISHBANE, Appellant, v. JACOB FISHBANE, Respondent.— Order unanimously affirmed. No opinion. Present —Peck, P. J., Dore, Cohn and Callahan, JJ.

RAYMOND LEDERMAN et al., Individually and as Copartners Trading under the Name of LEDERMAN BROS., Respondents, v. ROYAL INDEMNITY COMPANY et al., Appellants.— Order unanimously modified so as to deny plaintiffs' cross motion in all respects, including any discovery and inspection, except as to an examination before trial as to item " F " as the only item on which it is necessary to examine defendants and, as so modified, affirmed, with $20 costs and disbursements to appellants. Settle order on notice. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.

BRISTOL PAPER PRODUCTS, INC., Appellant, v. AMEXIMPO, INC., Respondent.— Order affirmed, with $20 costs and disbursements to respondent. In the present situation respondent's July orders may be regarded as offers; appellant's letter of August 7, 1951, may be regarded as a counteroffer which respondent accepted on August 9, 1951. The request for a confirmation was not a condition but may be looked upon as for record purposes only. There was nothing further to be done when respondent accepted the conditions imposed by appellant recited in the letter of August 7, 1951. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.; Peck, P. J., dissents and votes to reverse and grant the motion to stay arbitration upon the ground that all of the correspondence together does not establish an agreement or indicate that the parties were agreed upon a firm commitment and its terms.